UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WILLIAM ALLAN JONES, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03954-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 50 |

## INTRODUCTION

The qui tam plaintiff, Relator LLC, purports to blow the whistle on the defendants' allegedly fraudulent application for PPP loans during the COVID-19 pandemic. The defendants moved to dismiss, and the court grants the motion with prejudice. The problem is that Relator LLC is just that — a corporate entity in the business of qui tam. With no insider knowledge of the facts, it lacks the insight to plead a claim with particularity, while avoiding the public-disclosure bar.

**STATEMENT**

The plaintiff is a California limited-liability company.[1] The defendants are Creditcorp, a Tennessee corporation, and William Allan Jones, its owner, CEO, and director.[2] During the COVID-19 pandemic, the defendants applied for and received PPP loans from the federal government.[3] The loan funds have not yet been returned.[4] The plaintiff filed this qui tam action, alleging that the defendant misrepresented their eligibility, financial needs, use of the funds, and payroll costs.[5] The government declined intervention.[6]

**LEGAL STANDARD**

**1. Rule 12(b)(6)**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[1] Compl. – ECF No. 1 at 6 (¶ 16). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4 (¶ 8), 6 (¶¶ 17–18).

[3] *Id.* at 6 (¶ 19).

[4] *Id.* at 4 (¶ 9).

[5] *Id.* at 4 (¶ 11), 21–22 (¶¶ 60–64).

[6] Order – ECF No. 28.

## 2. Rule 9(b)

"Because they involve allegations of fraud, qui tam actions under the FCA must meet not only the requirement of Rule 8, but also the particularity requirements of Rule 9." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 992 (9th Cir. 2011). "[A] party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The plaintiff must allege "what is false or misleading about a statement, and why it is false." *Id.* A driving concern behind Rule 9(b) is that defendants be given fair notice of the charges against them, meaning, allegations of fraud specific enough to give them "notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (particularity so that the defendant can prepare an adequate answer).

## ANALYSIS

The motion presents two issues: whether Relator LLC fails to state a claim and whether the public-disclosure bar applies. The answer to both is yes.

## 1. Judicial Notice

As a threshold matter, the court takes judicial notice of the publicly available information about the defendants at the federally maintained website https://data.sba.gov/dataset/ppp-foia. The availability of the information is judicially noticeable because it cannot reasonably be questioned.[7] *United States ex rel. Relator LLC v. Erskine*, No. 22-cv-1158-LL-AHG, 2025 WL 796621, at *1 n.2 (S.D. Cal. Feb. 25, 2025); *United States ex rel. Relator LLC v. Kootstra*, No. 1:22-CV-00924-TLN-

---

[7] Mot. – ECF No. 50 at 15–16.

CDB, 2024 WL 3666470, at *3 n.1 (E.D. Cal. Aug. 6, 2024); *United States ex rel. Relator LLC v. Kellog*, No. 23-CV-118-CAB-BLM, 2024 WL 4887531, at *1 n.1 (S.D. Cal. Nov. 25, 2024).

**2. Failure to State a Claim**

The parties dispute whether the plaintiff has pleaded fraud with sufficient particularity or scienter generally. To state an FCA claim, a relator must allege: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006).

The complaint lacks the required particularity.

First, the complaint fails to identify which allegation of fraud pertains to which defendant, instead lumping Creditcorp and defendant Jones together in the complaint.[8] Without evidence of an alter ego relationship, the plaintiff has not pleaded the "who" of its claim with particularity.[9]

Second, the plaintiff asserts that Creditcorp could not have used the loan proceeds for any of the prescribed purposes because it was prohibited from obtaining the loan.[10] This reasoning does not explain how Creditcorp actually used the funds.[11]

Third, the complaint alleges that the defendants falsified their business and payroll costs to arrive at the $10 million PPP loan, reasoning that this number is likely false because the loan amount exceeds the 100,000 salary cap per employee given the thirty jobs Creditcorp reported.[12] The complaint alleges, without explanation or calculation, that the defendants received approximately $1,600,000 per year for each employee.[13] On its face, Relator LLC's math does not

---

[8] Reply – ECF No. 55 at 12; Compl. – ECF No. 1 at 2 (¶ 1), 16–17 (¶ 47).
[9] Reply – ECF No. 55 at 12 (making this point).
[10] Opp'n – ECF No. 54 at 18–19.
[11] Compl. – ECF No. 1 at 16–17 (¶¶ 46–52); Reply – ECF No. 55 at 12 (making this point).
[12] Compl. – ECF No. 1 at 3 (¶ 3); Opp'n – ECF No. 54 at 19.
[13] Compl. – ECF No. 1 at 3 (¶ 5).

add up, and without the underlying facts — which are not in the complaint — it is impossible to determine whether there is a claim.

Finally, while the parties agree that scienter is plausibly pleaded by allegations that a defendant knowingly made false statements coupled with "additional facts that make the existence of this knowledge cogent," they dispute whether the plaintiff has pleaded any additional facts.[14] *United States v. 1850 Bryant Land LLC*, No. 21- CV-05742-RS, 2023 WL 4297585, at *5 (N.D. Cal. June 30, 2023). They have not.

The plaintiff's additional facts include the sophistication of defendant Jones and the fact that he is a millionaire who does not need a PPP loan for himself.[15] But sophistication alone is not enough to show intent.[16] *Hagood v. Sonoma Cnty. Water Agency*, 81 F.3d 1465, 1478 (9th Cir. 1996) (sophistication on payment structures and cost sharing was insufficient to establish fraudulent intent). The remaining allegations about the alleged misrepresentations in the complaint are conclusory.[17] Therefore, the complaint does not state a claim with particularity, at least because there are insufficient facts to establish a misrepresentation.[18]

### 3. Public-Disclosure Bar

Even if the plaintiff had pleaded a plausible FCA claim, it is precluded by the public-disclosure bar. Creditcorp contends that the bar applies because the plaintiff's complaint is entirely based on the SBA transaction data, other publicly available information, or conclusory statements.[19] The plaintiff counters that the information on the SBA website is too vague to notice the government of fraud and, even if it were not, the website did not disclose that Creditcorp (1)

---

[14] Opp'n – ECF No. 54 at 19–20; Reply – ECF No. 55 at 13–14.

[15] Opp'n – ECF No. 54 at 20–21; Compl. – ECF No. 1 at 15–17 (¶¶ 42–52).

[16] Reply – ECF No. 55 at 14 n.12.

[17] *See* Compl. – ECF No. 1 at 16–17 (¶¶ 46–52).

[18] Reply – ECF No. 55 at 13–14.

[19] *Id.* at 8–9.

was primarily engaged in the business of lending, (2) did not face economic uncertainty, and (3) falsified the amount of the loan it could receive.[20]

Because the public-disclosure bar applies, amendment would be futile.

Under the public-disclosure bar, the court "shall dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed — (i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A). The rule "encourage[s] suits by whistle-blowers with genuinely valuable information, while discouraging litigation by plaintiffs who have no significant information of their own to contribute." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 570 (9th Cir. 2016). "[P]arasitic or opportunistic qui tam actions" are not allowed. *United States v. Allergan, Inc.*, 46 F.4th 991, 993 (9th Cir. 2022) (cleaned up).

 "The public disclosure bar is triggered if three things are true: (1) the disclosure at issue occurred through one of the channels specified in the statute; (2) the disclosure was 'public'; and (3) the relator's action is 'based upon' the allegations or transactions publicly disclosed." *Mateski*, 816 F.3d at 570. Allegations refers to direct claims of fraud, whereas transactions refers to facts from which fraud can be inferred. *Id.* To determine if a fraudulent transaction was publicly disclosed, the court considers the *Mateski* formula. As the *Mateski* court explained, "if X + Y = Z [and] Z represents the allegation of fraud and X and Y represent its essential elements" then "to disclose [a] fraudulent transaction publicly, the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed." *Id.* at 571 (cleaned up). The essential elements are inevitably a misrepresented state of facts and a true state of facts. *Id.*

The public-disclosure bar applies because the transactions were publicly disclosed. First, the parties do not dispute that information published on the data.sba.gov constitutes a federal report.

---

[20] Opp'n – ECF No. 54 at 14–16.

*Erskine*, 2025 WL 796621, at *4; *Kootstra*, 2024 WL 3666470, at *4. The plaintiff instead contends that the SBA website is too vague to provide notice of fraud, pointing to *United States ex rel Relator LLC v. Tennyson*, where the district judge determined that the following information on PandemicOversight.gov was insufficient to publicly disclose a fraudulent transaction: the name and location of the borrower, the age of the business, that the business was in the "finance and insurance industry," the amount of its loan, and the amount forgiven. No. 2:23-cv-05887-SRM-SSC, at *12 (C.D. Cal. Sept. 29, 2025); *see United States ex rel. Relator LLC v. Baxter*, No. 23-cv-00336-WHO, 2025 WL 1343076, at *5 (N.D. Cal. May 8, 2025) (also addressing PandemicOversite.gov). But unlike the websites in *Tennyson* and *Baxter*, data.SBA.gov includes Creditcorp's North American Industry Classification System (NAICS) code, which identifies it as primarily engaged in lending.[21]

Second, none of information that the plaintiff contends it supplied (that Creditcorp was primarily engaged in lending, did not face economic uncertainty, falsified the amount of the loan, and applied for and received the loan) is unique. Again, the NAICS code listed on the website indicates that Creditcorp is primarily engaged in lending.[22] The complaint bases its allegations about economic uncertainty and the falsification of the loan amount on Creditcorp's number of employees, the loan amount listed in the SBA website, and SBA Form 2483, which is all publicly available information.[23]

In short, any information provided by Relator LLC is not "genuinely valuable information" warranting a reward under the FCA. *Mateski*, 816 F.3d at 570.

---

[21] Reply – ECF No. 55 at 10–11.

[22] *Id.* at 9.

[23] *Id.* at 8–9; Compl. – ECF No. 1 at 3–4 (¶¶ 3, 5–7), 6 (¶ 19), 10 (¶ 31), 16 (¶ 46).

# CONCLUSION

Qui tam is an enforcement mechanism for insiders. Relator LLC did not state a claim, nor can it without violating the public-disclosure bar. Because an amendment is futile, the case is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: November 20, 2025

LAUREL BEELER
United States Magistrate Judge